# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

NORETTA THOMAS AND DEMETRICE
BUTLER, EACH INDIVIDUALLY, AND ON
BEHALF OF ALL OTHERS SIMILARLY
SITUATED

VERSUS

A. WILBERT & SONS, INC., L.L.C.
AND XYZ INSURANCE COMPANY

CONSOLIDATED WITH

TROY ROBICHAUX, SHANNON
ROBICHAUX, MICHAEL J. TUMINELLO,
SR., AND OLIVE D. TUMINELLO

VERSUS

STATE OF LOUISIANA, THROUGH THE
DEPARTMENT OF HEALTH AND
HOSPITALS AND THROUGH THE
DEPARTMENT OF ENVIRONMENTAL
QUALITY AND DOW CHEMICAL COMPANY

**NOVEMBER 5, 2025**

---

In Re:    Troy Robichaux, et al., applying for supervisory writs,
18th Judicial District Court, Parish of Iberville, No.
55127 c/w 56803.

---

**BEFORE:   MILLER, STROMBERG, EDWARDS, BALFOUR, AND FIELDS, JJ.**

**WRIT GRANTED WITH ORDER.**   In **Thomas v. A. Wilbert & Sons, LLC**, 2015-0928 (La. App. 1st Cir. 2/10/17), 217 So.3d 368, 394, writs denied, 2017-0952 (La. 11/13/17), 229 So.3d 478 and 2017-0967 (La. 11/13/17), 230 So.3d 204, this court noted "the evidence presented to the trial court supports the [initial cost estimate of $3.2 million.] … [A]s provided in the statute, the amount of the initial deposit is merely an estimate.  The Groundwater Act provides the trial court with continuing jurisdiction to require future deposits to cover additional costs when and if needed[,]" until such time as remediation is completed.  See La. R.S. 30:2015.1(E).  Plaintiffs' motion fits within the parameters of La. R.S. 30:2015.1 and the district court's jurisdiction as contemplated in **Thomas**.  The district court remains an active participant in the entire restoration process.  **M.J. Farms, Ltd. v. Exxon Mobil Corporation**, 2007-2371 (La. 7/1/08), 998 So.2d 16, 37-38 (amended on rehearing).  The district court's February 28, 2025 judgment which denied plaintiffs' motion for new trial and/or reconsideration is reversed and that motion is granted.  This matter is remanded to the district court to consider the merits of plaintiffs' motion.

SMM
TPS
KEB

**Edwards, J.,** concurs. The district court retained jurisdiction over this action, pursuant to La. R.S. 30:2015.1, which provides that a court shall retain jurisdiction over the funds deposited and the party or parties found legally responsible by the court until such time as the remediation is completed. That jurisdiction specifically extends to the funds deposited. Plaintiffs filed this motion, in part, seeking an increase in the deposit, which the district court had jurisdiction to address. Moreover, since the district court adopted the remediation plan at issue herein and ordered regular reporting to it on the progress of the remedy, the district court maintained its continuing jurisdiction over this matter.

**Fields, J.,** dissents. I note the district court's May 22, 2013 judgment, which was affirmed by this court, **Thomas v. A. Wilbert & Sons, LLC,** 2015-0928 (La. App. 1st Cir. 2/10/17), 217 So.3d 368, writs denied, 2017-0952 (La. 11/13/17), 229 So.3d 478 and 2017-0967 (La. 11/13/17), 230 So.3d 204, specifically retained jurisdiction over this action pursuant to La. R.S. 30:2015.1, which provides that a court shall retain jurisdiction over the funds deposited and the party or parties found legally responsible by the court until such time as the remediation is completed. However, the district court's May 22, 2013 judgment further declared that the decisions of the governmental agencies, Louisiana Department of Environmental Quality and United States Environmental Protection Agency, concerning the remedy and implementation of the remedy are entitled to deference. Moreover, La. R.S. 30:2015.1(K) provides the Department of Environmental Quality shall establish rules and procedures for the modification of plans for remediation.

COURT OF APPEAL, FIRST CIRCUIT

DEPUTY CLERK OF COURT
FOR THE COURT